IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL LOMBEH,              ) | |
|     Plaintiff,              ) | |
| vs.                                          ) | No. 3:23-CV-1077-G-BH |
|                                                ) | |
| DART PARATRANSIT MOBILITY ) | |
| SERVICES AND MV              ) | |
| TRANSPORTATION,              ) | |
|     Defendants.            ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion to Contest the Removal of the Cases*, filed June 1, 2023 (doc. 13), should be **GRANTED**.

**I. BACKGROUND**

On March 23, 2023, Samuel Lombeh (Plaintiff) sued DART Paratransit Mobility Services and MTV Transportation, Inc. (Defendants) in state court, alleging that their failure to provide him previously scheduled transit services between February 3 and December 22, 2022, left him stranded in temperatures below 20 degrees several times, and that he sustained injuries as a result. (*See* doc. 1-3 at 4-7.)[2] In his "Statement of Facts", he alleged that "Defendants discriminately [sic] violated the rights of the plaintiff's under the protection of titles 2 and 3 of the ADA regulation." (*Id*. at 4-5.) In a paragraph expressly titled as "Plaintiffs Claim of Negligence Against Defendant", he specifically alleged that Defendants' actions or omissions "constituted violation, discrimination and negligent conduct", and that they failed to adhere to the requirements of Section 48.001 of the Americans with Disabilities Act (ADA) and "violated [his] rights" under Section 1 of the Fourteenth

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Amendment to the United States Constitution and the Texas Constitution.  (*Id.* at 5-6.)  He sought damages he claimed were "a direct and proximate result of the negligent acts and/or omissions of Defendant[s]."  (*Id.* at 6-7.)

Defendants filed their answer in state court on April 24, 2022, generally denying the allegations in the petition and asserting affirmative defenses and special exceptions.  (*See* doc. 1-4.)  In response, on May 4, 2023, Plaintiff filed what he titled and referred to as an "amended complaint" with a memorandum in support of a "motion for leave to amend complaint" and an "answer" to Defendants' affirmative defenses and special exceptions. (*See* doc. 1-5 at 2-3, 6.)  The filing, which was docketed by the state court as an amended complaint, (doc. 1-2 at 5), specifically alleges in the first substantive paragraph that Defendants' conduct "constituted breach of contract, violation of Section 1 of the 14th Amendment of the US Constitution, Article 1 Section 3 of the Texas State Constitution, ADA Section 48.001 Title II and Title III and Title VI, discrimination, breach of contract and negligent conduct", (doc. 1-5 at 7).  It repeatedly alleges that Defendants' conduct violated the ADA and the Fourteenth Amendment.  (*See* doc. 1-5 at 7-16.)

On May 11, 2023, Defendants removed the action to federal court based on federal question jurisdiction. (*See* doc. 1.) They contend that removal was timely because the original petition only asserted a general negligence claim and did not implicate federal law, and that the first amended petition added new claims involving violations of federal law. (*Id.* at 2.) By motion filed June 1, 2023, Plaintiff "contest[s] the removal" on grounds that "asserting a defense that injects a federal question ... does not transform what is plainly a state law claim, such as negligence and/or malpractice, into an action arising under federal law for purposes of removal." (*See* doc. 13.) His reply argues for the first time that "Defendants did not meet the requirement time for the removal

2

of the case." (*See* doc. 19 at 4.) It also contends that his amendment was filed in response to Defendants' special exceptions and was only intended to clarify his negligence claim. (*Id*. at 1-5.)

## II. MOTION TO REMAND

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id*. § 1332(a).

"Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993). To decide if it has federal jurisdiction over the removed case, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* "This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Fraire v. Budget Rent-A-Car of El Paso, Inc.*, No. EP-10-CV-338-PRM, 2011 WL 3678584, at *2 (W.D. Tex. Mar. 31, 2011) (citing *Burks*, 8 F.3d at 303). If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

"[W]hen a court performs its duty to verify that it has jurisdiction, it may be required to survey the entire record, including the defendant's pleadings, and base its ruling on the complaint, on undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992) (citation omitted); *see also Smith v. Estate of Wagner*, No. CIV A H 06-02629, 2006 WL 2729282, at *3 (S.D. Tex. Sept. 25, 2006) (explaining that a "court . . . [may] consider the defendant's notice of removal, other pleadings, and the record as of the time of removal if necessary to shed light on the plaintiff's pleadings"). "The purpose of this careful survey, however, is to shed light on the plaintiff's pleadings. The court's focus is on the plaintiff's pleadings, not the defendant's." *Aquafaith*, 963 F.2d at 808.

### A.    Subject Matter Jurisdiction

Plaintiff's *pro se* argument that "asserting a defense that injects a federal question ... does not transform what is plainly a state law claim, such as negligence and/or malpractice, into an action arising under federal law for purposes of removal" may be liberally construed as challenging the existence of subject matter jurisdiction over this case.

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This requires "a well-pleaded complaint [to] establish[ ] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the

4

federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

In addition to his state law claims for negligence, breach of contract, and violation of the Texas Constitution, the first substantive paragraph of Plaintiff's amended complaint expressly and separately alleges that Defendants' conduct violated the ADA and his rights under the Fourteenth Amendment. (doc. 1-5 at 7.) It repeats those allegations throughout the filing. (*See id.* at 7-16.) The amended complaint may be fairly read to allege causes of action for violations of the ADA and the Fourteenth Amendment.

The United States Court of Appeals for the Fifth Circuit has held that federal question jurisdiction exists over ADA claims. *See Zamora v. GC Servs., L.P.*, 647 F. App'x 330, 331 (5th Cir. 2016) ("The district court had jurisdiction over [the plaintiff's] federal ADA claims under 28 U.S.C. § 1331."); *see also Clewis v. Medco Health Solutions, Inc.*, 578 F. App'x 469, 471 (5th Cir. 2014) (concluding that the district court had subject matter jurisdiction because plaintiff's petition at the time of removal contained a federal claim for violation of the ADA). Federal question jurisdiction also exists over Fourteenth Amendment claims. *See Tobacco & Wine, Inc. v. Cnty. of Dallas*, No. 3:20-CV-939-L, 456 F. Supp. 3d 788, 792 (N.D. Tex. 2020) (finding federal question jurisdiction because the plaintiff's pleadings at the time of removal specifically referenced the Fifth and Fourteenth Amendments in a paragraph separate from his state claims); *White v. City of Colorado City*, No. 1:15-CV-83-P-BL, 2015 WL 4930983, at *2 (N.D. Tex. July 15, 2015), *report and recommendation adopted sub nom. White v. Colorado City, Tx.*, No. 1:15-CV-0083-P-BL, 2015 WL 4934275 (N.D. Tex. Aug. 17, 2015) (finding federal question jurisdiction because plaintiff's claims—e.g., that the police "falsely arrested him", were "purposely NOT investigating" the crimes

he reported, and had violated his "14th Amendment equal protection rights"—were typically brought under 42 U.S.C. § 1983).

Because a federal question arising under both the ADA and the Fourteenth Amendment appears on the face of Plaintiff's amended complaint, subject matter jurisdiction exists over this case. Removal on this basis was not improper.

**B.      Procedural Defect**

As noted, Defendants contend that removal was timely because the original petition only asserted a general negligence claim and did not implicate federal law. (*See* docs. 1, 18.) Plaintiff argues for the first time in his reply that "Defendants did not meet the time requirement for the removal." (*See* doc. 19 at 4.)

A notice of removal must be filed within 30 days of the defendant's receipt "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable," then the notice may be filed within 30 days after the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "Timeliness of removal is a procedural rather than a jurisdictional issue [that] may be waived by an untimely objection." *In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007) (citing *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 359–60 (5th Cir.1990)). While district courts may remand a case *sua sponte* based on defects in subject matter jurisdiction, they may only remand a case based on procedural defects upon motion of a party. *In re Allstate*, 8 F.3d 219, 223–24 (5th Cir. 1993). A motion to remand based on any defect other than lack of subject matter jurisdiction must be made within thirty

6

days after the removal notice is filed in federal court. 28 U.S.C. § 1447(c).[3]

Plaintiff maintains that he only asserted a negligence claim under state law, and that he only clarified his claim in response to Defendants' special exceptions. Essentially, he argues that he made the same allegations regarding violations of the ADA and the Fourteenth Amendment in support of the sole negligence claim he asserted in his original petition. (*See* doc. 19 at 1-5.) If ADA and Fourteenth Amendment claims were evident on the face of his initial petition, then Defendants' notice of removal was untimely.

"Plaintiff is generally considered the master of his complaint, and 'whether a case arising ... under a law of the United States is removable or not ... is to be determined by the allegations of the complaint or petition.'" *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting *Great Northern Ry., Co. v. Alexander*, 246 U.S. 276, 281 (1918)). "Of course, this does not mean that a plaintiff can avoid federal jurisdiction by simply 'artfully pleading' a federal cause of action in state law terms." *Id.* (citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2 (1981)).

Here, Plaintiff's initial petition alleged that Defendants "discriminately [sic] violated [his] rights... under the protection of titles 2 and 3 of the ADA regulation." (*See* doc. 1-3 at 4-5.) In a

---

[3] As noted, Plaintiff asserted his untimeliness objection for the first time in a reply brief filed outside of the 30-day period. His failure to raise it in his timely motion to remand is not a waiver of the objection, however. Based on "the unambiguous statutory language," the Fifth Circuit has expressly "reject[ed] any suggestion that the timing of the presentation of a removal defect—rather than the submission of the remand motion—is what matters for a timeliness analysis under Section 1447(c)." *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012) (citing *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) (stating that "[b]y its own terms, § 1447 (c) is limited to motions, not issues" in rejecting argument that the district court had erred by remanding the case based on a timeliness issue raised *sua sponte* rather than by the plaintiff in the timely motion to remand)); *Ibarra v. Port of Houston Auth. of Harris Cty*, 526 F. Supp. 3d 202, (S.D. Tex. 2021)(rejecting, based on *BEPCO*, the argument that the plaintiff had waived a procedural defect by only asserting lack of subject matter jurisdiction in his timely motion to remand); *Riverside Constr. Co., Inc. v. Entergy Mississippi, Inc.*, No. 3:13-CV-876-HTW-LRA, 2014 WL 11513135, at *10 (S.D. Miss. Sept. 2, 2014) (rejecting, based on *BEPCO*, the argument that an untimely removal objection had been waived because it was first raised in a reply filed outside of the 30-day period instead of in the timely motion to remand), *aff'd sub nom. Riverside Const. Co. v. Entergy Mississippi, Inc.*, 626 F. App'x 443 (5th Cir. 2015), as revised (Oct. 16, 2015).

paragraph expressly titled as a negligence claim, he specifically alleged that Defendants' actions or omissions "constituted violation, discrimination and negligent conduct", and that they failed to adhere to the requirements of Section 48.001 of the ADA and violated his rights under the Fourteenth Amendment. (*Id.* at 5-6.) This is not the type of "oblique reference to ... violation of unspecified federal laws" that the Fifth Circuit has found insufficient to assert a federal cause of action supporting removal. *Avitts,* 53 F.3d at 693; *see also Tobacco & Wine, Inc.*, 456 F. Supp. 3d at 792 ("[T]his is not a situation in which a plaintiff has made a passing reference in its pleadings to an unspecified federal law while seeking relief, for example, for a tort that is only available under state law."). Plaintiff's initial petition identifies specific federal laws and pleads facts to show how those laws were allegedly violated, i.e., that Defendants discriminated against him on the basis of disability in violation of the ADA and the Fourteenth Amendment by failing to provide him transportation services. Discriminatory conduct is not an element of a state law negligence claim. Even though Plaintiff makes reference to the ADA and the Fourteenth Amendment in the section describing his negligence claim, he also makes separate allegations in the factual background about the alleged discrimination. *See Tobacco & Wine, Inc.*, 456 F. Supp. 3d at 792 (noting that the reference to the federal constitution was set forth in a separate paragraph without reference to the state constitution). Despite his artful pleading of a state law negligence claim, Plaintiff's well-pleaded initial petition asserted claims arising under federal law sufficient to support removal.

Because Defendants' notice of removal was filed more than 30 days after they received a copy of his initial petition, Plaintiff is correct that it was untimely. Remand is required based on this procedural defect.

### III. RECOMMENDATION

Plaintiff's motion to remand should be **GRANTED**, and the case should be remanded to the 116th District Court of Dallas County, Texas.

**SO RECOMMENDED** on this 6th day of October, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE