IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL LOMBEH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )    CIVIL ACTION NO. |
| | ) |
| DART PARATRANSIT MOBILITY SERVICES and MV TRANSPORTATION, | )    3:23-CV-1077-G-BH |
| | ) |
|     Defendants. | ) |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the court, except for the following:

(1) On March 23, 2023, the plaintiff sued the defendants DART Paratransit Mobility Services and *MV Transportation* ("MV"), *see generally* Plaintiffs' [sic] Original Petition, *attached to* Defendant MV Transportation, Inc.'s Notice of Removal

("Notice of Removal ") (docket entry 1).  *See* Findings, Conclusions, and Recommendation ("FCR") (docket entry 20) at 1 ("On March 23, 2023, Samuel Lombeh (Plaintiff) sued DART Paratransit Mobility Services and **MTV Transportation, Inc.** (Defendants) in state court . . . .") (emphasis added); *see also* Defendant MV Transportation, Inc.'s Original Answer to Plaintiff's Original Petition with Special Exceptions ("MV's Answer"), *attached to* Notice of Removal, at 1 ("COMES NOW Defendant MV Transportation, Inc. (erroneously named as "MV Transportation") . . . .).

(2) On April 24, *2023*, *only* MV, not the *defendants*, filed an answer in state court, *see generally* MV's Answer.  *See* FCR at 2 ("**Defendants** filed their answer in state court on April 24, **2022** . . . .") (emphasis added).

(3) The case was removed to this court *only* by MV, *see generally* Notice of Removal, not the *defendants*.[*]  *See* FCR at 2 ("On May 11, 2023, **Defendants**

---

[*]  The defendant DART Paratransit Mobility Services ("DART"), had not answered at the time of removal.  *See* Supplemental Civil Cover Sheet for Cases Removed From State Court (docket entry 6) at 1; *see also* Defendant Dallas Area Rapid Transit Original Answer to Plaintiff's Amended Complaint (docket entry 10) (filed on May 26, 2023).  However, on April 28, 2023, the plaintiff filed a return of service as to DART, *see* State Court Docket Sheet, *attached to* Notice of Removal, but MV failed to attach proof of service to its notice of removal in violation of N.D. TX. L.R. 81.1(a)(4)(C).  "[A]ll defendants who are properly joined and served must join in the removal petition . . . and . . . failure to do so renders the petition defective." *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citations omitted); see also *SkyGlass, Inc. v. PartnerShip, LLC*, No. 3:19-CV-1087-S, 2019 WL 3819282, at *2 (N.D. Tex. Aug. 14, 2019) (Scholer, J.) ("[I]n cases removed on the basis of diversity or federal question jurisdiction, all

removed the action to federal court based on federal question jurisdiction.") (emphasis added).

      The plaintiff's motion to contest the removal of the cases, filed June 1, 2023 (docket entry 13), is **GRANTED**. By separate judgment, this action will be **REMANDED** to the 116th Judicial District Court of Dallas County, Texas, based on a procedural defect in removal.

      **SO ORDERED**.

October 27, 2023.

                                                        _/s/ A. Joe Fish_
                                                        **A. JOE FISH**
                                                        **Senior United States District Judge**

---

defendants must consent to removal unless a statute other than [28 U.S.C. ] § 1441 authorizes the removal without one defendant's consent."). Thus, MV was required to join DART in its removal of this case.